UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES FREDERICK WILLIAMS, )
)
Plaintiff, )
) 1:13-cv-174
v. )
) *Mattice/Carter*
IAIN MACKEY, D/B/A BENEFICIAL )
MEMBER HSBC GROUP, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is the application to proceed *in forma pauperis* ("Application") filed by Plaintiff James Frederick Williams [Doc. 1]. This matter comes before the undersigned for consideration of the Application pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a two-page complaint and three pages of exhibits. Plaintiff represents that "defendant(s) owes the plaintiff $79,292.19." [Doc. 2, Page ID # 3]. In the text of the complaint, Plaintiff alleges that he is a resident of the state of Tennessee, while he believes Defendant to be doing business in the state of Illinois, so it appears that Plaintiff is claiming diversity jurisdiction before this Court under 28 U.S.C. § 1332.

28 U.S.C. § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that he/she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). I do not reach the question of whether Plaintiff is indigent, however, because I recommend this action be

dismissed for the reasons explained below.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Plaintiff has asserted no federal cause of action in his complaint, providing no basis for "federal question" jurisdiction pursuant to 29 U.S.C. § 1331. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff's claim is more akin to an action for breach of contract, which is a matter of state court jurisdiction when the requirements for federal diversity jurisdiction are not met. Plaintiff bears the burden of establishing the existence of diversity jurisdiction in his complaint. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Although Plaintiff does not plead diversity of citizenship, from the address of Plaintiff and the address of Defendant, they appear to be from different states, and the amount in controversy exceeds the jurisdictional limit satisfying the diversity requirement.

However, I **RECOMMEND** Plaintiff's action be **DISMISSED** because I conclude it is fraudulent and therefore frivolous and malicious. Plaintiff alleges he executed a bond in the total sum of $79,292.19 and attached a copy of that document (Doc. 2-1, Exhibit A, Page ID #5). He then alleges defendant has dishonored, not paid or accepted the bond and therefore defendant owes Plaintiff $79,292.19 (Doc. 2, Page ID #3). Plaintiff submits a Notice of Dishonor also signed by Plaintiff (Doc. 2-1 Exhibit C, Page ID# 7). The Court is aware that use of this very document in the Southern District of Indiana resulted in the Indictment and conviction of another would-be Plaintiff, one Byron Bellar, for a violation of 18 U.S.C. § 514.

Attached to this Report and Recommendation is a copy of the Criminal Complaint from the United States District Court in the Southern District of Indiana (Ex. 1) and Indictment (Ex.

2

2), the bond (Ex. 3) on which the claim was based, which is identical to the document used in all of Plaintiff James Frederick Williams' various cases filed in this Court. Also attached is the Jury Verdict (Ex. 4) and Judgment for Passing a Fictitious Obligation (Ex. 5).

In light of the conviction in the Southern District of Indiana, I conclude Plaintiff is engaging in a fraud. The action is frivolous and malicious. Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. §1915(e)(2)(B)(i) as fraudulent and malicious.[1]

S/ Bill Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3